IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON WHO SUBSCRIBE TO CERTIFICATE NO. IRPI-SB-17-212,<br><br>Plaintiffs<br><br>v.<br><br>D. WATSON COMPANIES;<br>D. WATSON COMPANIES LLC, and<br>MARNE JEAN VESS, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF JEFFREY KENNETH HOBBY<br><br>Defendants | Case No.: 5:20-cv-00810 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, Those Certain Underwriters at Lloyd's, London who subscribe to Certificate Number IRPI-SB-17-212 ("Underwriters") file this Complaint for Declaratory Judgment against Defendants D. Watson Companies and D. Watson Companies LLC ("D. Watson"), and Marne Jean Vess, individually and as representative of the Estate of Jeffrey Kenneth Hobby (collectively, "The Defendants"), and in support thereof, state as follows:

## NATURE OF ACTION

1. Underwriters bring this claim for a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202.

2. This is an action for declaratory judgment arising out of an actual and existing controversy concerning the parties' rights, status, and obligations under an insurance policy issued

by Underwriters to D. Watson in connection with an underlying lawsuit filed on or about October 14, 2019, styled *Marne Jean Vess, individually and as representative of the Estate of Jeffrey Kenneth Hobby v. D. Watson Companies and D. Watson Companies, LLC*, Cause No. 2019C121590, in the District Court of the 73rd Judicial District, Bexar County, Texas.

3. Underwriters seek a declaration that they do not owe a duty to defend or indemnify D. Watson in the Underlying Lawsuit.

## THE PARTIES

4. Plaintiffs, Underwriters are comprised of Canopius Syndicate 4444 and Brit Syndicate 2987, which are foreign insurance syndicates with their principal place of business at One Lime Street, London EC3M 7HA and The Leadenhall Building, 122 Leadenhall Street, London EC3V 4AB, respectively.

5. Defendant D. Watson is an unincorporated business association and/or a limited liability company organized under the laws of the State of Texas, with its principal place of business at 11549 Old Perrin Beitel Rd., Ste. 207, San Antonio, Texas 78217.

6. Defendant Marne Jean Vess, individually and as representative of the Estate of Jeffrey Kenneth Hobby is a Texas resident who can be served via her attorney R. Reagan Sahadi, Sahadi Legal Group, 414 S. Tancahua Street, Corpus Christi, Texas 78401.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this case under 28 U.S.C. §1332(a)(1), because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

8. Venue is proper in this judicial district under 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## FACTUAL BACKGROUND

9. Underwriters, pursuant to Certificate No. IRPI-SB-17-212, provide Contingent Automobile Liability Coverage to D. Watson for the period June 20, 2018 to June 20, 2019. Coverage is provided in the amount of $1,000,000 any one loss and in the aggregate annually (a copy of Certificate No. IRPI-SB-17-212 is attached hereto as Exhibit 1).

10. On or about October 14, 2019, the Underlying Lawsuit was filed by *Marne Jean Vess, individually and as representative of the Estate of Jeffrey Kenneth Hobby*, Cause No. 2019C121590, in the District Court of the 73rd Judicial District, Bexar County, Texas. (A copy of the Original Petition in the Underlying Lawsuit is attached as Exhibit 2).

11. In the Underlying Lawsuit, Ms. Vess alleges that on or about September 5, 2018, a 2001 Ford Expedition being driven by Jeffrey Kenneth Hobby was struck by a tractor trailer being driven by Gregory Daniel James on behalf of Joel Gonzalez d/b/a Karni Express. The accident reportedly resulted in the death of Jeffrey Kenneth Hobby. (See Ex. 2, para. 4.1 and 4.2).

12. Ms. Vess asserts the 2010 Freightliner and 2015 Tremcar trailer being operated by Gregory Daniel James were owned by Dan D. Watson and leased to Karni Express. (See Ex. 2, para 4.1).

13. Ms. Vess also asserts D. Watson "was the broker who negotiated the brokerage deal for Karni related to the transportation of the product James had just unloaded when the incident made the basis of this lawsuit occurred." Specifically, Ms. Vess states (See Ex. 2, para 4.1).

14. Ms. Vess alleges D. Watson is vicariously responsible for the negligence and negligence per se of Karni and James based on the theory of respondeat superior. (See Ex. 2, para 5.3).

15. Ms. Vess also alleges D. Watson was guilty of various acts and/or omissions which constituted negligence, gross negligence, and malice. (See Ex. 2, para 5.4 – 6.1).

## COUNT I
## DECLARATORY JUDGMENT

16. Underwriters incorporate by reference the allegations contained in paragraphs 1-15 of this Complaint as if set forth herein in their entirety.

17. Upon information and belief, Karni had automobile liability coverage with American Millennium/Citadel Risk for the applicable period.

18. Vess filed another lawsuit against Karni and D. Watson in Bexar County. That other litigation was settled for the policy limit of the American Millenium/Citadel Risk policy issued to Karni.

19. Pursuant to Underwriters' Certificate No. IRPI-SB-17-212, the Application of Contingent Liability Condition states:

> IV. APPLICATION OF CONTINGENT LIABILITY. It is expressly understood and agreed that the coverage provided under this Certificate of Insurance shall not apply if there is other valid and collectible Automobile Liability insurance of any nature naming the motor carrier in effect at the time there is an occurrence for which a claim is made.

20. There was other valid and collectible Automobile Liability insurance naming Karni and D. Watson as insureds at the time of the underlying accident.

21. Pursuant to the Application of Contingent Liability Condition, Underwriters' policy does not provide coverage to D. Watson for the Underlying Lawsuit.

## COUNT II
## DECLARATORY JUDGMENT

22. Underwriters incorporate by reference the allegations contained in paragraphs 1-21 of this Complaint as if set forth herein in their entirety.

23. The policy specifically provides in the Insuring Agreement:

> This Certificate of Insurance only applies, subject to the terms and conditions herein, to any occurrence sustained by a motor carrier to

whom the Insured has entrusted any shipment. It is understood and agreed that the insurance provided under this Certificate does not apply to or cover Automobile Liability for automobiles owned, leased or operated by the Insured, his agent, his employees or any related company with any type of common ownership to the Insured.

24. Ms. Vess alleges in the Underlying Lawsuit the tractor and trailer involved in this accident and being operated by Karni and Mr. James were owned by Dan D. Watson.

25. Upon information and belief, Dan D. Watson is the owner of D. Watson and, as such, Underwriters' policy does not provide coverage for the underlying accident.

## COUNT III
## DECLARATORY JUDGMENT

26. Underwriters incorporate by reference the allegations contained in paragraphs 1-25 of this Complaint as if set forth herein in their entirety.

27. Ms. Vess alleges in the Underlying Lawsuit that Karni/Mr. James had unloaded the shipment that had been brokered to it by D. Watson prior to the accident.

28. Upon information and belief, the shipment that had been brokered by D. Watson to Karni was delivered several hours before the accident.

29. Underwriters policy provides:

### COVERAGE

I.   COVERAGE A – BODILY INJURY LIABILITY.  To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death, at any time resulting therefrom, sustained by any person, caused by an occurrence.  The occurrence must arise solely from the operation of automotive equipment owned by others which is provided by the Insured in the capacity of a truck broker and only during the transportation of merchandise.

30. As the shipment that had been brokered by D. Watson to Karni had been delivered prior to the accident involving Mr. James and Jeffrey Kenneth Hobby, Underwriters' policy does

not provide coverage.

## COUNT IV
## DECLARATORY JUDGMENT

31. Underwriters incorporate by reference the allegations contained in paragraphs 1-30 of this Complaint as if set forth herein in their entirety.

32. The policy specifically provides:

> IV. EXCLUSIONS: This insurance does not apply:
>
>> 4. to any act, error or omission of the Insured or any of its employees including, but not limited to:
>>
>>> (3) supervision, in any manner, of the acts of the owner, agents or employees of the motor carrier to which the Insured has contracted a shipment;

33. Ms. Vess alleges in the Underlying Lawsuit that D. Watson was "guilty of various acts and/or omissions which constituted negligence."

34. Underwriters' policy does not provide coverage for any act, error or omission of D. Watson or its employees.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiffs, Those Certain Underwriters at Lloyd's, London who subscribe to Certificate Number IRPI-SB-17-212, ask the Court to enter judgment in their favor and against Defendants:

1. Declaring Certificate Number IRPI-SB-17-212 does not provide coverage for the claims against D. Watson in the Underlying Lawsuit;

2. Declaring Underwriters are under no obligation to provide a defense to D Watson in connection with the Underlying Lawsuit or any other lawsuit filed in connection with the incident that is basis of the Underling Lawsuit;

3. Declaring Underwriters are under no obligation to indemnify D. Watson in

connection with the Underlying Lawsuit or any other lawsuit filed in connection with the incident that is the basis of the Underlying Lawsuit; AND

4. Awarding Underwriters their costs, attorneys' fees, and all other just and proper relief to which they may be entitled.

    Respectfully submitted,

By:    */s/ Ashley F. Gilmore*
    Ashley F. Gilmore
    State Bar No. 50511704
    ashley.gilmore@wilsonelser.com
    WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
    901 Main Street, Suite 4800
    Dallas, TX 75202-3758
    Telephone: 214-698-8000
    Facsimile: 214-698-1101

**ATTORNEY FOR PLAINTIFFS THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON WHO SUBSCRIBE TO CERTIFICATE NO. IRPI-SB-17-212**